IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VARANCE ANTHONY HIBBERT,<br><br>*Plaintiff*,<br><br>v.<br><br>Warden BENJAMIN FORD, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:20-cv-00024-TES-MSH |

## ORDER OF DISMISSAL

Plaintiff Varance Anthony Hibbert, an inmate in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff also sought leave to proceed in this action *in forma pauperis*. [Doc. 2]. Although Plaintiff submitted an affidavit and a certification form, he did not submit a printout of his prison transactions for the previous six months. *See* [*id.*]. Thus, the magistrate judge ordered Plaintiff to file a new certified account statement including a printout of his transactions for the previous six months. [Doc. 7]. The magistrate judge gave Plaintiff 21 days to submit the new account statement and cautioned Plaintiff that his failure to fully and timely comply could result in the dismissal of this action. [*Id.* at p. 2].

Thereafter, Plaintiff did not submit a new account statement, and the United States Postal Service returned the Order as undeliverable. [Doc. 8]. Plaintiff's failure to keep the Court apprised of his current address constitutes a failure to prosecute this case, and insofar as the Court has no information as to Plaintiff's current whereabouts, this action cannot proceed. Accordingly, the magistrate judge ordered Plaintiff to respond and show cause why this case should not be dismissed for failure to comply with the previous Order. [Doc. 9]. The magistrate judge again gave Plaintiff 21 days to respond and cautioned Plaintiff that his failure to do so would result in the dismissal of this case. [*Id.* at p. 2].

More than 21 days have now passed since the magistrate judge entered the second Order, and Plaintiff has not responded. Additionally, the United States Postal Service has also returned that Order to the Court as undeliverable. [Doc. 10]. Thus, because Plaintiff has failed to comply with the previous Orders or to otherwise prosecute his case, the Court now **DISMISSES** the Complaint **without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 12th day of May, 2020.

[*signature on following page*]

2

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

Case 5:20-cv-00024-TES-MSH   Document 11   Filed 05/12/20   Page 3 of 3

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**